IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEMARCUS A. GRESHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-020 |
| | ) | |
| MARTY ALLEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.[1]

**I.    BACKGROUND**

Petitioner reports he was convicted in 2001 in the Wilkes County Superior Court of multiple crimes, including armed robbery, burglary, possession of a knife, and theft by taking. (Doc. no. 1, p. 1.) Petitioner appealed to the Georgia Court of Appeals, and his

---

[1]The record reflects Petitioner never paid the $5.00 filing fee, filed a motion to proceed *in forma pauperis* ("IFP"), or responded to the Clerk of Court's deficiency notice regarding his omission. (See doc. no. 2.) However, because the Court does not have jurisdiction to hear this case, and in the interest of judicial efficiency, the Court elects to proceed with the required screening without further delay.

convictions were affirmed on April 15, 2004.[2]  (Id. at 2.)  Indeed, Petitioner reports filing multiple requests for post-conviction relief in various state courts, but he does not report filing any prior request for federal habeas corpus relief.  (Id. at 2-5.)  However, the Court is aware Petitioner has filed two prior federal habeas corpus petitions.  Gresham v. Allen, CV 116-044 (S.D. Ga. Apr. 15, 2016); Gresham v. Georgia, CV 316-084 (S.D. Ga. Nov. 8, 2016).

In the first federal petition, Petitioner argued his Eighth Amendment rights had been violated, he received ineffective assistance of counsel, and he had been falsely imprisoned.[3] CV 116-044, doc. no. 14, p. 2.  Chief United States District Judge J. Randal Hall dismissed the petition as untimely.  Id., doc. nos. 14, 16.  Petitioner did not request a Certificate of Appealability to appeal to the Eleventh Circuit Court of Appeals.  Petitioner's second federal habeas corpus petition argued he had been forced to plead guilty, but United States District Judge Dudley H. Bowen, Jr., dismissed the petition as successive.  CV 316-084, doc. nos. 9, 15.

Petitioner then filed the instant request for federal habeas corpus relief, his third in this Court, arguing again he received ineffective assistance of counsel, his due process rights had been violated, and he has been falsely imprisoned because his guilt was never actually proven.  (See generally doc. no. 1.)  While this Court was waiting for Petitioner to comply with the Clerk's deficiency notice regarding payment of the $5.00 filing fee or a motion to proceed IFP, the Eleventh Circuit Court of Appeals denied Petitioner's request to file a

---

[2]See also http://www.gaappeals.us/docket (follow docket hyperlink; search "Gresham"; click on A04A0742; last visited Mar. 6, 2018).

[3]United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

second or successive § 2254 petition.  See In re: Demarcus Gresham, No. 18-10410-K, *slip op.* (11th Cir. Feb. 16, 2018), also docketed in CV 316-084, doc. no. 20.

## II.   DISCUSSION

Pursuant to the Court's power to take judicial notice of its own records, the Court finds that Petitioner has filed two prior applications for a federal writ of habeas corpus, thereby making the current application successive.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows:  "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ."  Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999).  Without this authorization, the district court correctly dismisses second and successive habeas corpus applications.  In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition.  In fact, the Eleventh Circuit Court of Appeals specifically rejected Petitioner's request to file a second or successive petition.  See In re: Demarcus Gresham, No. 18-10410-K.  Without such authorization, this Court cannot consider Petitioner's claims.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or

3

successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because the petitioner did not first file an application with the Eleventh Circuit).

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of March, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA